UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA DORROUGH,

       Plaintiff,

v.

       Case No. 11-12447
       Hon. Gerald E. Rosen
       Magistrate Judge Michael Hluchaniuk

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

# OPINION AND ORDER REGARDING
# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 2, 2012

PRESENT:  Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

On August 10, 2012, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R & R") recommending that the Court grant in part Plaintiff Theresa Dorrough's motion for summary judgment, deny the Defendant Commissioner of Social Security's motion for summary judgment, and remand this matter for further administrative proceedings. Defendant filed objections to the R & R on September 7, 2012, and Plaintiff filed a response to these objections on October 1, 2012. Having reviewed the R & R, Defendant's objections, Plaintiff's response, the parties' underlying summary judgment motions, and the administrative record, the Court overrules

Defendant's objections and adopts the result recommended by the Magistrate Judge, albeit on grounds somewhat different from those set forth in the R & R.

As noted in Defendant's objections, the R & R recommends a remand for further administrative proceedings on a ground not raised by either party. In particular, the Magistrate Judge was troubled by the failure of the Administrative Law Judge ("ALJ") to "recognize that the 'medical opinions of the State agency and consultative physician' were not medical opinions at all, but rather . . . were the opinions of a disability examiner named Patrick Sullivan, an non-physician." (R & R at 23 (citations omitted).) As explained in the R & R, the State of Michigan has been testing a prototype "single decisionmaker model" ("SDM"), an experimental program offered by the Social Security Administration that authorizes participating states to allow their disability examiners to make initial disability determinations without obtaining the opinion of a medical consultant. (*See* R & R at 23; *see also* Defendant's Objections at 4-6 (describing the SDM program in greater detail).) This experimental model was used in this case, meaning that the State agency's initial disability determination was made by a non-physician who did not seek the views of a medical consultant. Unfortunately, the ALJ failed to recognize this in making his findings at Step Three of the five-step process for analyzing disability claims, erroneously stating that he relied on "the medical opinions of the State agency and consultative physician" in determining that Plaintiff's impairments or combination of impairments neither met nor medical equaled any of the impairments listed in the pertinent regulations. (Admin. Record at 18.) In fact, the use of the SDM

meant that there were no such "medical opinions of the State agency and consultative physician" upon which the ALJ could properly have relied.

In recommending a remand in light of this error, the Magistrate Judge cited a number of cases holding that the opinion of a medical expert generally is required in making the Step Three determination whether a claimant's combination of impairments is medically equivalent to a listed impairment. (*See* R & R at 24-26 (collecting cases).) If this general rule were applicable here, then a remand plainly would be warranted, because no such medical opinion was given on this question of medical equivalence. In his objections to the R & R, however, the Defendant Commissioner points to rulings from this District that have upheld an ALJ's findings on the issue of medical equivalence in the wake of a state agency's SDM-based disability determination, even though the use of this model meant that the ALJ had no medical expert opinion to rely upon in resolving this issue. *See Gallagher v. Commissioner of Social Security,* No. 10-12498, 2011 WL 3841632, at *9 (E. D. Mich. Mar. 29, 2011) (report and recommendation adopted by 2011 WL 3841629 (E.D. Mich. Aug. 30, 2011)); *Timm v. Commissioner of Social Security,* No. 10-10594, 2011 WL 846059, at *4 (E.D. Mich. Feb. 14, 2011) (report and recommendation adopted by 2011 WL 845950 (E.D. Mich. Mar. 8, 2011)). Defendant urges the Court to follow these rulings, reasoning that the benefits of the SDM would otherwise be lost because the opinion of a medical expert would be required in every case. (*See* Defendant's Objections at 6.)

The Court finds it unnecessary to choose a side in this debate, because the ALJ's

decision in this case suffers from a defect that evidently was not present in *Gallagher* or *Timm.* Significantly, the ALJ here did not find that the opinion of a medical expert was unnecessary to the resolution of the issue of medical equivalence — to the contrary, the ALJ stated that his determination on this issue was **"supported by"** such medical opinions. (Admin. Record at 18 (emphasis added).)  As Plaintiff observes in her response to Defendant's objections, this case is similar in this respect to *Hensley v. Commissioner of Social Security,* No. 10-11960, 2011 WL 4407458, at *9 (E.D. Mich. Aug. 23, 2011) (report and recommendation adopted by 2011 WL 4406359 (E.D. Mich. Sept. 22, 2011)), in which the ALJ erroneously believed that a non-physician single decisionmaker was in fact a physician, and then proceeded to rely on the opinion of this individual as though she were a physician.  The court in *Hensley* found that this was not harmless error, but instead warranted a remand, *Hensley,* 2011 WL 4406359, at *1, and this Court concludes that the same relief is appropriate here.

As Defendant recognizes, the responsibility for deciding medical equivalence lies with the ALJ.  (*See* Defendant's Objections at 4 (citing 20 C.F.R. § 404.1526(e)).)  It is imperative, then, that the ALJ properly construes the evidentiary record in making this determination, drawing the appropriate distinction between medical expert opinion and the views of non-physicians.  *See* Social Security Ruling 96-6p, 1996 WL 374180, at *3 (stating the Social Security Administration's "longstanding policy" that "the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence . . . must be received into the record as expert opinion evidence and given appropriate

weight"). Indeed, the Defendant Commissioner evidently has recognized the danger that the use of the SDM might lead to confusion as to whether forms completed under this model should be treated as opinion evidence — as observed by the Magistrate Judge, the Social Security Administration's internal employee manual demands that it be made clear to an ALJ when assessment forms are completed by a non-physician, because such forms "are not opinion evidence at the appeal levels." (R & R at 23-24 (internal quotation marks and citation omitted).) Although the form in this case "was clear" in indicating that the pertinent decisionmaker was not a physician, (*id.* at 24), the ALJ nonetheless gave this decisionmaker's assessment the weight befitting the opinion of a medical expert.

     Nonetheless, Defendant insists that the ALJ's error was harmless, where the record purportedly lacks any medical findings that would support a determination of medical equivalence, and where Plaintiff herself has not argued before this Court that her impairment or combination of impairments equals a listed impairment. Again, however, the determination of medical equivalence rests initially with the ALJ, and the decision of the ALJ here evidently reflects his view that medical opinions were needed to resolve this issue. The Court is unwilling to assume that the ALJ would have decided this issue the same way if he had correctly understood that there were no medical opinions in the record regarding the question of medical equivalence. Rather, the Court agrees with the Magistrate Judge that a remand is warranted so that the ALJ may address this matter in the first instance.

     Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's objections to the Magistrate Judge's August 10, 2012 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's R & R is ADOPTED by the Court to the extent that it recommends a remand for further administrative proceedings, and that the findings in the R & R also are ADOPTED by the Court as supplemented by the rulings in this opinion and order. Finally, IT IS FURTHER ORDERED, for the reasons set forth above and in the Magistrate Judge's R & R, that Plaintiff's February 29, 2012 motion for summary judgment (docket #18) is GRANTED IN PART, and that Defendant's April 30, 2012 motion for summary judgment (docket #21) is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2012, by electronic and/or ordinary mail.

s/Shawntel Jackson for Ruth A. Gunther
Case Manager