UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA DORROUGH,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 11-12447
Hon. Gerald E. Rosen
Magistrate Judge Michael Hluchaniuk

# ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        May 14, 2013

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On October 2, 2012, the Court entered an opinion and order and corresponding judgment directing that this case be remanded to the Defendant Commissioner of Social Security for further administrative proceedings. By application submitted on December 31, 2012, Plaintiff Theresa Dorrough requests that she be awarded her attorney fees and expenses as a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below, the Court finds that such an award is not warranted here.

As pertinent to the present suit, the EAJA provides that the Court "shall award to a

prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Thus, to recover attorney fees and expenses under the EAJA: 1) [Plaintiff] must be a prevailing party; 2) the Commissioner's position must lack substantial justification; and 3) there must be no special circumstances that would warrant a denial of fees." *Ratliff v. Commissioner of Social Security,* No. 10-4528, 465 F. App'x 459, 460 (6th Cir. Feb. 24, 2012). In this case, there is no dispute that Plaintiff qualifies as a "prevailing party" by virtue of the Court's order remanding this case for further administrative proceedings. Rather, the Defendant Commissioner opposes the requested fee award on the ground that the Government's litigation position in this suit was substantially justified.[1]

The Supreme Court has explained that the Government's position is "substantially justified" within the meaning of the EAJA if it is "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988) (internal quotation marks omitted). "[A] position can be justified even though it is not correct," so long as "a reasonable person

---

[1] The Defendant Commissioner also contends that the amount of the fee award sought by Plaintiff is excessive. In light of the Court's determination that fees should not be awarded, it need not address this challenge to the amount of fees sought by Plaintiff.

could think it correct," *Pierce,* 487 U.S. at 566 n.2, and a finding of substantial justification is not precluded by the fact that the Court reversed the Defendant Commissioner's decision to deny benefits and remanded for further administrative proceedings, *Ratliff,* 465 F. App'x at 460.

Applying these principles here, the Court finds that the Government's position in this litigation was substantially justified.  First, as observed in the Court's October 2, 2012 opinion, the Magistrate Judge recommended a remand "on a ground not raised by either party," and this Court in turn agreed that a remand was warranted, albeit on "grounds somewhat different" from those identified in the Magistrate Judge's Report and Recommendation ("R & R").  (10/2/2012 Op. at 2.)  As a result, Plaintiff did not prevail on the arguments advanced in her underlying summary judgment, but instead secured a remand on a different ground identified by the Magistrate Judge and this Court.  Under these circumstances, it was not only reasonable but correct for the Government to defend the decision of the Administrative Law Judge ("ALJ") to deny benefits, at least against the challenges actually pursued by Plaintiff and her counsel in this litigation.  *See Ratliff,* 465 F. App'x at 460 (describing the "relevant inquiry concerning the government's position" as "whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits").

To be sure, Plaintiff ultimately was able to secure the relief sought in her motion, a remand for further administrative proceedings.  In particular, the Magistrate Judge was "troubled by the ALJ's failure to recognize that the 'medical opinions of the State agency

and consultative physician' were not medical opinions at all, but rather . . . were the opinions of a disability examiner named Patrick Sullivan, a non-physician." (R & R at 23 (citations omitted).) While the Magistrate Judge and the Court acknowledged the Government's point that this error by the ALJ could be harmless and need not result in a remand, (*see* R & R at 24-27; 10/2/2012 Op. at 3-5), the Court nonetheless was "unwilling to assume that the ALJ would have decided [the issue of medical equivalence] the same way if he had correctly understood that there were no medical opinions in the record regarding the question of medical equivalence," (10/2/2012 Op. at 5).

What drove the Court's decision, then, was its reluctance to predict how the ALJ might resolve the issue of medical equivalence if he had properly understood that the state disability examiner was not a physician. As the Government pointed out in its objections to the R & R, there is case law in this District holding that an ALJ need not rely on a medical consultant in determining whether a claimant's impairments meet or equal an impairment in the Listing of Impairments. (*See* 10/2/2012 Op. at 3.) Yet, this Court pointed to another decision from this District holding that a remand was warranted where, as here, an ALJ mistakenly relied upon the opinion of a non-physician as though she were a physician. (*See id.* at 4.) Against this mixed backdrop of decisions, the Court was unwilling to affirm the ALJ's denial of benefits, but neither is it prepared to say that the Government lacked a substantial justification for maintaining that the case law of this District provided a basis for defending the ALJ's decision. In the end, the case was a close one, and the Government certainly had sufficient authority on its side to advance a

position that was "substantially justified" within the meaning of the EAJA.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 31, 2012 Application for Attorney Fees Under the Equal Access to Justice Act (docket #35) is DENIED.

> s/Gerald E. Rosen
> Chief Judge, United States District Court

Dated: May 14, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 14, 2013, by electronic and/or ordinary mail.

> s/Julie Owens
> Case Manager, (313) 234-5135